**Arthur Nickolas NEWSOME, Plaintiff,**

v.

**BATAVIA LOCAL SCHOOL DISTRICT, et al., Defendants.**

**Civ. No. C–1–86–1228.**

United States District Court,
S.D. Ohio.

Dec. 29, 1986.

R. Gregory Park, Batavia, Ohio, for plaintiff.

William Ennis, Cincinnati, Ohio, for defendants.

**FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW**

CARL B. RUBIN, Chief Judge.

This matter is before the Court on an application for preliminary injunction and upon hearing held in open court on December 15, 1986 at which time counsel for plaintiff and for defendants presented argument.[1]

Plaintiff asserts that he was expelled from the Batavia Local School District in violation of his rights to due process. Since there is no factual dispute, the Court in accordance with Rule 65(a)(2) of the Federal Rules of Civil Procedure intends that this Order be not only a determination of the Motion for a Preliminary Injunction, but likewise a determination of this matter on the merits.

In accordance with Rule 52 of the Federal Rules of Civil Procedure, the Court does submit its Findings of Fact, Opinion and Conclusions of Law.

**I.**

**FINDINGS OF FACT**

1. Plaintiff Arthur Nickolas Newsome is a Junior at Batavia High School in Clermont County Ohio. On November 3, 1986 he was informed by Dan Swart, Principal of Batavia High School of allegations that Newsome had offered to sell marijuana to other students on school premises. New-

---

1. A second hearing was held on December 22, 1986, for the sole purpose of obtaining information from the school Principal Dan Swart and School Superintendent James Fite. Limited cross examination was permitted.

some was given an opportunity at that time informally to respond to such charges.

2. On November 6, 1986 Principal Swart gave notice of an intended suspension for ten days for the stated reason of "possession—offering for sale—marijuana". The notice of intended suspension is included herein as Attachment 1. It contained the following language: "You will have the chance to meet with me at an informal hearing, to ask questions, tell me your side of what happened, question my reasons for the suspension and explain what you did or what happened." On the same date a notice of suspension was given to Linda Lee Newsome, parent of Plaintiff, with the same reason listed and with the following statement: "You have the right to appeal this decision to the Board of Education (or its designee), to be represented in the appeal by a representative of your choosing and to request that the appeal hearing be held in an executive session. Please notify me immediately if you intend to appeal so a hearing can be scheduled." (Attachment 2)

3. On November 7, 1986 School Superintendent James Fite advised Linda Lee Newsome of his intent to expel the Plaintiff for the balance of the current semester. The Notice of such intent was based upon a violation of Board of Education Policy 4060, Guideline 4062, paragraph C, item #16 (Board Policy Concerning Drugs). That notice also set a meeting on November 14, 1986 at 9:00 a.m. (Attachment 3). Both the Plaintiff and his mother and a representative of the Probation Department of the Clermont County Juvenile Court were present at that meeting.

4. On November 17, 1986 Superintendent Fite expelled the Plaintiff for the balance of the school semester. The letter of expulsion included the reason therefor and advised Plaintiff of a right to appeal the decision to the Board of Education for the Batavia Local School District (Attachment 4).

5. Principal Swart and Superintendent Fite are both experienced educators and administrators and each has had experience in the disciplining of students. The decision to expel plaintiff Newsome was based

upon more than the statements of two students.

6. An appeal was taken to the Board of Education. The Board met on November 24, 1986 with the Plaintiff and his mother present and represented by counsel. The Board heard evidence in favor of and against such expulsion (Plaintiff's Complaint at paragraph 27). Plaintiff's counsel was permitted to address the Board in his behalf, but he was not permitted to question either Principal Swart or Superintendent Fite. On December 1, 1986 the Board of Education upheld the expulsion until January 21, 1987.

7. The totality of proceedings in this matter indicate that Plaintiff received four separate hearings: the first on November 3, 1986 (Plaintiff's Complaint paragraph 14); the Second on November 10, 1986 (Plaintiff's Complaint paragraph 20); On November 14, 1986 (Plaintiff's Complaint paragraph 23); and on November 24, 1986 (Plaintiff's Complaint paragraph 27). The first meeting was held with Principal Swart and a Probation Officer present. The next two hearings were held before Superintendent Fite with a Probation Officer present and the last before the Board of Education with legal counsel present.

## II.

### OPINION

Any inquiry by a Court into the basic question of Due Process of Law must involve a consideration of what may be conflicting interests. On the one hand there is an individual charged with an offense for which he can be punished. On the other, there is an institution charged with obligations by the entire community. The communitywide concern with drug associated problems needs no review by this Court. The pervasive availability to children of Controlled Substances is such a danger that a Board of Education which did not vigorously pursue a policy of eliminating it from the schools would be derelict in its duty. The balancing equation is simple to state but exceedingly difficult to apply. Mr. Newsome is entitled to his constitution-

al protections, but Mr. Newsome has no constitutional right to sell or possess with intent to sell marijuana on public school grounds.

There is a judicial temptation to act as a "super" Board of Education and make the decision that the Court deems to be appropriate. To do so is contrary to an admonition of the Supreme Court of the United States cautioning trial judges from substituting their judgment for that of the institution charged with exercising such judgment. Then Justice Rehnquist writing in *Bell v. Wolfish,* 439 U.S. 816, 99 S.Ct. 76, 58 L.Ed.2d 107 (1979) pointed out the following: "Judges after all are human. They no less than others in our society have a natural tendency to believe that their individual solutions to often intractable problems are better and more workable than those of the persons who are actually charged with and trained in the running of the particular institution under examination. But under the Constitution the first question to be answered is not whose plan is best, but in what branch of the government is lodged the authority initially to devise the plan...."

*Wolfish* has nothing to do with education, but it has everything to do with the manner in which this Court must approach the problem. The question is not whether the Board of Education was correct in its ultimate decision, but whether constitutional rights of the Plaintiff were infringed in reaching its conclusion.

Rights under the Due Process Clause have been the subject of searching inquiry by the Supreme Court of the United States. In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the statement is made: "Many controversies have ranged about the cryptic and abstract words of the due process clause, but there can be no doubt that at a minimum they require the deprivation of ... property by adjudication be proceeded by notice, [and] an opportunity for hearing appropriate to the nature of the

case." The fundamental requisite of due process of law is the opportunity to be heard. *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363 (1914).

Relating the general principle to a specific student right the Supreme Court has stated that: "At the very minimum therefore students facing suspension and the consequent interference with a protected property interest must be given *some* kind of notice and afforded *some* kind of hearing.... *Goss v. Lopez,* 419 U.S. 565, 579, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (emphasis not added).[2]

The majority opinion in *Goss* also makes the following statement: "... Requiring effective notice and informal hearing permitting the student to give his version of the events will provide a meaningful hedge against erroneous action. At least the disciplinarian will be alerted to the existence of disputes about facts and arguments about cause and effect. He may then determine himself to summon the accuser, permit cross-examination and allow the student to present his own witnesses. In more difficult cases he may permit counsel. In any event, his discretion will be more informed and we think the risk of error substantially reduced." *Goss, supra* at 583, 584, 95 S.Ct. at 740–41.

■ It cannot be seriously asserted that Plaintiff herein was denied notice or an opportunity to be heard. The attachments to this opinion indicate clearly that both Plaintiff and his mother knew the nature of the charge from the beginning. He was given an opportunity to be heard four separate times. At all times he was accompanied by an adult, either his mother or a Probation Officer of the Juvenile Court or counsel of his choosing.

■ In terms of Due Process, plaintiff does not assert a notice or lack of notice or a lack of hearings. He claims only an inability to cross examine either Principal Swart or Superintendent Fite. But Due Process does not confer on Plaintiff the

2. *Goss* dealt with suspensions of less than 10 days. It is cited here in part because it affirmed a decision of the United States District Court for the Southern District of Ohio. *Lopez v. Williams,* 372 F.Supp. 1279.

right to cross-examine his accuser in a school disciplinary proceeding. *Boykins v. Fairfield Board of Education,* 492 F.2d 697 (5th Cir.1974) *cert. denied* 420 U.S. 962, 95 S.Ct. 1350, 43 L.Ed.2d 438 (1974). *Frumkin v. Board of Trustees of Kent State University,* 626 F.2d 19 (6th Cir. 1980).

The need for anonymity of student accusers who might otherwise be the victims of reprisals from fellow students could prevail over the right to confrontation. *Dillon v. Pulaski County Special School District,* 468 F.Supp. 54 (E.D.Ark.1978), *aff'd* 594 F.2d 699 (8th Cir.1979).

Upon consideration of the foregoing the Court holds the minimums of notice and opportunity to be heard have been observed. Plaintiff Newsome has received adequate due process. The complaint herein should be dismissed.

### III.

### CONCLUSIONS OF LAW

A. This Court has jurisdiction pursuant to Title 42 U.S.C. 1983.

B. In a school suspension hearing a student does not have a constitutional right to confront and cross examine his accuser. *Boykins v. Fairfield Board of Education,* 492 F.2d 697 (5th Cir.1974) *cert. denied* 420 U.S. 962, 95 S.Ct. 1350, 43 L.Ed.2d 438 (1974). *Frumkin v. Board of Trustees of Kent State University,* 626 F.2d 19 (6th Cir.1980).

C. Due Process of Law requires notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363 (1914).

D. Where a student and his parents have received written notice of charges against him and he has been given four separate opportunities to be heard, minimum Due Process of Law has been satisfied.

E. In accordance with Conclusions of Law B through D inclusive, the Complaint herein is hereby dismissed at plaintiff's costs.

IT IS SO ORDERED.

ATTACHMENT  1

# NOTICE OF INTENDED SUSPENSION

_Nick Newsome_                                           _11-6-86_
(Name of Student)                                         (Date)

This notice is to tell you that I intend to suspend you from school. To be suspended from school means that while you are suspended you are not allowed to come to school, attend classes or extracurricular activities. The reason(s) I intend to suspend you from school are: _____

_Possession – offering for sale – marijuana_

You will have the chance to meet with me, at an informal hearing to ask questions, tell me your side of what happened, question my reasons for the suspension and explain what you did, or what happened.

_____
(Signature of School Official)

I have received a copy of this notice of intended suspension.

_Referred to s____._
_Nick Hamilton_                    _____
                                   (Signature of Student)

FOR 18 YEAR OLD STUDENTS ONLY:

I hereby consent to your release of this notice to my parent, guardian or custodian.

_____
(Signature of Student)

ATTACHMENT   2

# NOTICE OF SUSPENSION TO
## PARENT, GUARDIAN OR CUSTODIAN

_Linda Lea Newsome_                              _11-6-86_
Name of Parent, Guardian or Custodian                (Date)

_2086 Erion Rd_
Street
_Batavia_                                OHIO _45103_
City

You are hereby advised that _Nick Newsome_ has been suspended
for the period from _11-7-86_ Name of Student to _11-24-86_.
                     Date and Time          Date and Time
The reason(s) for the suspension are as follows: _____
_Possession - offering for sale - marijuana_

You have the right to appeal this decision to the board of education (or its designee), to be represented in the appeal by a representative of your choosing, and to request that the appeal hearing be held in an executive session. Please notify me immediately if you intend to appeal so a hearing can be scheduled.

Signature of Principal

---

ATTACHMENT 3

BATAVIA LOCAL SCHOOL DISTRICT
800 Bauer Avenue
Batavia, Ohio 45103

November 7, 1986

CERTIFIED MAIL
Linda Lea Newsome
2086 Erion Road
Batavia, Ohio 45103
Dear Ms. Newsome,
Please be advised that it is my intent to expell your son, Nick Newsome, for the remainder of the current semester. The reason for this intended expulsion is that Nick allegedly violated Board of Education Policy 4060, Guideline No. 4062, paragraph C item # 16 (Board policy concerning drugs).
You and/or Nick and/or your representative may meet with me to discuss the reasons for this intended expulsion. I have scheduled the date and time of Friday, November 14 at 9:00 a.m. to meet with you regarding this matter. The meeting will be held in my office located in Batavia High School.
If you are unable to attend the scheduled meeting, please call my office (732–2343) so that we may make other arrangements.
Sincerely,
/s/ James Fite
James Fite
Superintendent
cc Dan Swart, High School Principal

ATTACHMENT 4

BATAVIA LOCAL SCHOOL DISTRICT
800 Bauer Avenue
Batavia, Ohio 45103

November 17, 1986

CERTIFIED MAIL
Linda Lea Newsome
2086 Erion Road
Batavia, Ohio 45103
Dear Ms. Newsome,

Please be advised that I have decided to expell your son, Nick Newsome, for the remainder of the current semester. The reason for this expulsion is that Nick violated Board of Education Policy 4060, Guideline No. 4062, paragraph c, item # 16 (Board policy concerning drugs). Nick is *not* permitted to return to school until January 21, 1987.

You and/or Nick and/or your representative may appeal this decision to the Board of Education. You may request that the hearing before the board be held in executive session. Please contact me (732–2343) if you desire to appeal this decision to the Board.

Sincerely,

/s/ James Fite

James Fite
Superintendent

cc Terry W. Stephen, Treasurer
   Dan Swart, Principal
   Larry Vaughn, Administrative Assistant